Filed 12/23/24  P. v. Sisco CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099815 |
| Plaintiff and Respondent, | (Super. Ct. No. 08F08461) |
| v. | |
| ERIC SISCO, | |
| Defendant and Appellant. | |

Defendant Eric Sisco appeals from a postconviction order denying his resentencing petition under Penal Code section 1172.6.[1]  Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) and is asking this court to conduct an independent review of the record.  Sisco filed a supplemental brief

---

[1]    Undesignated statutory references are to the Penal Code.

1

challenging the denial of his section 1172.6 petition and raising numerous other claims. We reject these contentions and affirm.

BACKGROUND

In 2010, a jury found Sisco guilty of two counts of attempted murder (§§ 187, subd. (a), 664), two counts of assault with a semiautomatic firearm (§ 245, subd. (b)), and two counts of possession of a firearm by a felon (former § 12021, subd. (a)(1)). The jury also found true numerous firearm and great bodily injury allegations as to the attempted murders and assaults. The trial court found that Sisco had a prior strike conviction. The court sentenced Sisco to an aggregate term of 30 years four months plus 25 years to life. We affirmed the judgment on direct appeal. (*People v. Sisco* (Oct. 19, 2011, C065373) [nonpub. opn.].)

In 2022, Sisco filed a petition for resentencing pursuant to former section 1170.95 (now § 1172.6), alleging that he could no longer be convicted of attempted murder due to legislative changes to murder liability. The trial court denied the petition because the jury had not been instructed on a now invalid theory of murder and, as such, Sisco was ineligible for relief. On appeal, we affirmed the order denying Sisco's petition. (*People v. Sisco* (Dec. 14, 2022, C096668) [nonpub. opn.].)[2]

In 2023, Sisco again petitioned for resentencing under section 1172.6. The trial court denied the petition because it was successive and, on the merits, for the same reasons the prior petition had been denied.

Sisco timely appealed.

---

[2] We take judicial notice of this prior opinion. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).) Our recitation of the facts from this opinion is solely for the purpose of summarizing the history of this case. We do not rely on these facts in resolving this appeal.

DISCUSSION

Appellate counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*Delgadillo, supra*, 14 Cal.5th at pp. 231-232; *Wende, supra*, 25 Cal.3d 436.) Sisco was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed. Sisco filed a supplemental brief.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*Delgadillo, supra*, 14 Cal.5th at p. 221.) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded it is not required. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222.) The Supreme Court laid out applicable procedures for such cases, explaining that when a defendant files a supplemental brief, "the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id*. at p. 232.) But the filing of a supplemental brief does not compel the court to "independent[ly] review . . . the entire record to identify unraised issues," though it may exercise its discretion to do so. (*Ibid.*)

We decline to conduct an independent review of the record. In his supplemental brief, Sisco first argues that the "record did not demonstrate the trial court made an adequate determination" of his eligibility for relief under section 1172.6. We disagree. The jury was not permitted to convict Sisco under a now invalid theory of attempted murder because the jury received no instructions on those theories of liability. (See *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [affirming denial of § 1172.6 petition

3

because the jurors were not instructed on the natural and probable consequences doctrine]; *People v. Offley* (2020) 48 Cal.App.5th 588, 599 ["if the jury did not receive an instruction on the natural and probable consequences doctrine, the jury could not have convicted the defendant on that basis, and the petition should be summarily denied"].) The court thus did not err in denying Sisco's petition.

Next, Sisco argues remand is appropriate for the trial court to consider exercising its discretion to strike Sisco's firearm enhancements pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.). He also argues Senate Bill No. 620 (2017-2018 Reg. Sess.) prohibits his firearm enhancements from being listed on the same abstract of judgment as his section 12022.7, subdivision (a) enhancement. However, this new law does not apply retroactively to final judgments. (*People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.)

Sisco's supplemental brief references Assembly Bill No. 1540 (2021-2022 Reg. Sess.) and asserts it "shall have a major input and output" on this case. Assembly Bill No. 1540 (2021-2022 Reg. Sess.) amended various provisions of what is now section 1172.1, a statute governing recall and resentencing procedures not implicated by Sisco's section 1172.6 petition.

Sisco also raises several claims pertaining to his original trial and sentencing. He argues that a witness gave false testimony and was improperly awarded leniency for his testimony. He also contends "he was twice placed in jeopardy for the same offense, the gun/firearm as well as ex-felon in possession of a firearm." Lastly, he submits that his sentence violates section 654 because he was punished for the same act five times — twice for assault with a semiautomatic firearm, twice for being a felon in possession of a firearm, and a fifth time for personally and intentionally discharging a firearm under section 12022.53, subdivision (c).[3] These claims are not cognizable in this appeal from

---

[3] It is unclear what error Sisco is claiming here as the sentences for the assault and possession convictions were all stayed by the trial court under section 654.

the trial court's denial of Sisco's section 1172.6 petition.  Section 1172.6 extends the benefit of the Legislature's revisions to state murder law to previously sentenced defendants.  It does not permit defendants to seek relief on other claims of trial error. (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 947.)  Even if these claims were cognizable, we would decline to address them because they could have been, but were not, raised in Sisco's direct appeal.  "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.)  Sisco has made no such showing here.

DISPOSITION

The order denying Sisco's section 1172.6 petition is affirmed.


/s/

EARL, P. J.

We concur:


/s/

MESIWALA, J.


/s/

WISEMAN, J.[*]

---

[*]    Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5